HEARD NOVEMBER TERM, 1877.

## COOKE *vs.* PENNINGTON.

Where a new trial is ordered in an equity cause, it is not proper for the Circuit Judge in making a second order of reference to direct the Referee to take and report the testimony *de novo*. The testimony taken prior to the first trial is part of the proceedings to be considered on the second.

Testimony taken on a first reference is taken for the case and not merely for the purposes of a specified trial. It is entitled to stand as part of the case in all subsequent proceedings, whether before the Court or a Referee.

BEFORE CARPENTER, J., AT RICHLAND, OCTOBER TERM, 1876.

This case having been remanded to the Circuit Court by a judgment of the Supreme Court, (7 S. C., 385,) it now came on to be heard in the Circuit Court a second time.

The defendant's counsel contended that as the tax deed was now in evidence this Court had nothing to do but to set it up and dismiss the complaint. They also contended that the complaint should be dismissed upon the ground, sustained by the Supreme Court, that the execution of the mortgage had not been proved according to law.

His Honor denied the motion to dismiss, and made an order, on the motion of the plaintiff's attorneys, appointing a Referee and

directing him " to take and report the testimony *de novo,* to be pro-
duced by the parties herein upon the issues raised by the pleadings."
The defendants gave notice that they appealed from the order.

*Bacon,* for appellants:

1. The Supreme Court having decided that the "tax deed " was
in evidence, the Circuit Judge should have so regarded it, and not
ordered the testimony in regard thereto to be taken "*de novo.*"

2. The "tax deed" being in evidence, and its execution admitted,
the Circuit Judge was obliged to sustain it by reason of the pro-
visions of the Act of the General Assembly of this State, fifteenth
volume, page 773, providing that when "such deed is made by the
County Auditor for any real estate sold at delinquent land sale, it
shall be *prima facie* evidence of a good title in the grantee, his
heirs and assigns, to the real estate therein described." And the
Supreme Court is now asked to so decide and save the defendants
any further expense and delay.

3. The defendants having moved the Circuit Court to dismiss
the complaint because the execution of the mortgage sought to be
foreclosed had not been proved according to law, and the Supreme
Court, upon appeal, having decided that ground "well taken," the
presiding Judge should have dismissed the complaint.

4. The order of the presiding Judge directing that the testimony
be taken "*de novo*" upon " the issues raised by the pleadings " is
directly contrary to the decision of the Supreme Court holding
that the "tax deed" was in evidence and its execution admitted,
and also to the decision of that Court that the defendant's motion
to dismiss the complaint because the execution of the mortgage was
not proved according to law and subjects the defendants to un-
necessary expense, litigation and delay.

" The questions decided by the Supreme Court on an appeal are
conclusively adjudicated so far as the same case is concerned."—
*Manufacturing Company* vs. *Price,* 6 S. C., 278.

*Baxter & Seibels,* contra.

January 9, 1878. The opinion of the Court was delivered by

WILLARD, C. J. On the former hearing in this case this Court
set aside the judgment of the Circuit Court, on the two-fold ground

that the bond and mortgage for the foreclosure of which the action was brought had not been proved, and that a tax deed offered by the defendant had been rejected as unproved, notwithstanding its execution was admitted by a stipulation agreed to by counsel for both parties, &c. Subsequently the Circuit Court referred the cause, with directions "to take and report the testimony *de novo.*"

The present appeal is from this order. The order of reference was erroneous to the extent that it ordered the testimony to be taken *de novo.* This case follows the general practice in equity, and all proceedings taken in it prior to the order of reference should have been allowed due weight upon the further reference. The analogies drawn from the effect of an order for a new trial in cases in the nature of actions at law have no application to the present case.

The testimony which had been taken on the first reference was taken for the case and not merely for the purposes of that specified trial, and such testimony is entitled to stand as part of the case in all subsequent proceedings, whether before the Court or a Referee.

The order of reference, independent of the objectionable words just commented upon, is free from objection and may stand.

The appellant is in error in supposing that the only course left open to the Circuit Court by the judgment of this Court on the former appeal was to dismiss the complaint.

The effect of the judgment on appeal merely reached to the extent of determining the character of certain proofs, demanded by the nature of the issues, and left the case open in the hands of the Circuit Court for further testimony and proceedings.

It is ordered and adjudged that the order of reference appealed from be modified by striking therefrom the words " *de novo,*" and that in all other respects it stand as the order of the Court, and that the costs of this appeal abide the event of the action.

*McIver,* A. J., and *Haskell,* A. J., concurred.